**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| KERRY MARSHALL, | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:10-cv-1009 (JCH) |
| | : | |
| v. | : | |
| | : | |
| TOWN OF MIDDLEFIELD, et al., | : | APRIL 2, 2012 |
| Defendants. | : | |

**RULING RE: MOTION FOR RECONSIDERATION (DOC. NO. 46)**

On February 23, 2012, the court issued a Ruling denying the plaintiff's Motion for Partial Summary Judgment, granting in part and denying in part the defendants' Cross Motion for Summary Judgment, and denying the plaintiff's Motion to Appoint Counsel. Doc. No. 43. The plaintiff, Kerry Marshall, now moves the court to reconsider its Ruling on four grounds: (1) the court granted summary judgment on claims that were "not addressed in argument" by the defendants; (2) the court failed to take into consideration the case of Delaware v. Prouse; (3) the court failed to take into account relevant facts contained in Marshall's pleadings; and (4) Marshall's "diminished capacity due to his current injury" justifies reconsideration of his Motion to Appoint Counsel. Doc. No. 46.

There are three grounds that justify granting a motion for reconsideration: (1) an intervening change in controlling law; (2) the availability of newly discovered evidence; and (3) the need to correct clear error or prevent manifest injustice. See Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir.1992). That the court overlooked controlling law or material facts may also entitle a party to succeed on a motion to reconsider. Eisemann v. Greene, 204 F.3d 393, 395 n. 2 (2d Cir. 2000) (per curiam) ("To be entitled to reargument, a party must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the

1

underlying motion.") (internal quotation marks omitted).  A court should not grant a motion for reconsideration if "the moving party seeks solely to re-litigate an issue already decided." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).  Thus, the standard governing motions for reconsideration is strict, and "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Id.

Marshall has satisfied none of the standards described above.  First, the defendants' Cross Motion was for complete—not partial—summary judgment, and Marshall was on notice of this fact when he submitted his opposition.  Second, the case of Delaware v. Prouse addresses the constitutionality of randomly "stopping an automobile and detaining the driver in order to check his driver's license," 440 U.S. 648, 883 (1979), not, as Marshall contends, the constitutionality of randomly checking a license plate.  Third, the ostensibly overlooked facts cited by Marshall are not material to his legal claims.  Fourth, Marshall's vague reference to his "current injury" does not justify reconsideration of the Ruling with regard to his Motion to Appoint Counsel.

For the foregoing reasons, the Motion for Reconsideration (Doc. No. 46) is **denied.**

**SO ORDERED.**

Dated at Bridgeport, Connecticut, this 2nd day of April, 2012.

                                                  /s/ Janet C. Hall
                                                 Janet C. Hall
                                                 United States District Judge